UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTINA JOUNGSOON KIM, known as Maria J. Kim,

                Plaintiff,

-against-

WILLIAM NORIS-MAN; SONYAY BRYANT, Money Reception; FRED IMMIGRATION OFFICER CP; DENNIS RAYMOND, Attorney,

                Defendants.

21-CV-6645 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. By order dated September 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises out of a financial arrangement between Plaintiff, who resides in Scarsdale, New York, and Defendant William Noris, who resides in Rochester, New York. Plaintiff alleges that she gave Noris $15,580, but Noris never paid her back. Plaintiff does not state any facts in the complaint, except where she alleges that "money sent $15580, but failed to return." (ECF 2, at 6.) Plaintiff attaches several documents to her complaint, including a consumer report to the Federal Trade Commission (FTC report), where she states:

> I placed a personal profile on web in search for partner – William Noris approached says he loves me. Then asked to assist his home coming to pay his military for replacement. He will Return all my payment as soon as he come back to New York Home. He stated he is from Rochester NY.

(*Id.* at 8.) In this FTC report, Plaintiff references Defendants Sonya Bryant, described as a "friend & family" of Noris's, and Noris's attorney, Dennis Raymond.

Plaintiff also attaches a document referencing a case she filed in this Court, which the undersigned dismissed, on July 6, 2021, for lack of subject matter jurisdiction. *See Kim v. Bryant*, ECF 1:21-CV-3710, 2 (S.D.N.Y. July 6, 2021). This document references Defendant "Immigration Officer Fred," who she claims Noris texted at John F. Kennedy Airport. (*See* ECF 2, at 12.) The prior action and this action raise the same claims and both name as Defendants Noris and Sonya Bryant.

On August 5, 2021, Plaintiff filed this new action.

## DISCUSSION

The Court dismisses this action for the same reason the Court dismissed the 21-CV-3710 case; that is, Plaintiff's complaint does not provide a basis on which the Court can exercise

subject matter jurisdiction of Plaintiff's claims under either the federal question or diversity of citizenship statutes. While Plaintiff attaches new documents to this complaint, the pleading does not suggest that the Court can exercise subject matter jurisdiction over any claim.

Because Plaintiff essentially refiled the same action after the Court dismissed the prior action, the Court warns her that further duplicative or frivolous litigation in this Court will result in an order barring her from filing new actions IFP, without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP, without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 17, 2021
        New York, New York

                          /s/ Laura Taylor Swain
                           LAURA TAYLOR SWAIN
                           Chief United States District Judge